In re Thomas H. BARR, Sr. and Mary D. Barr, Ind. & d/b/a Barr's Coin-Op Laundromat, Debtors.

James B. DOYLE, Trustee, Plaintiff

v.

Frederick GARWOOD, Esq., Attorney for Debtors, Defendant.

Bankruptcy Nos. CHP 7, 84–20914 and 84–2138A.

United States Bankruptcy Court, W.D. New York.

Nov. 19, 1985.

Burns, Suter & Doyle by James B. Doyle, Rochester, N.Y., for plaintiff.

Antell & Harris by Frederick Garwood, Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors filed a Chapter 7 petition in the above entitled matter. With the peti-

---

tion was filed the attorney's statement pursuant to Rule 219(b). It disclosed that the debtors had paid their attorney, Frederick Garwood, $4,000 for attorney's fees prior to the filing of the petition. This Court reviewed the fee, found it excessive and set a total fee of $750. The trustee, James B. Doyle, commenced an action to recover $3,250 of the fees. Stipulations were entered into between the trustee and the attorney for the debtors in lieu of a trial and the case is now ready for decision.

The important stipulated facts appear to be as follows. The debtors' attorney has amended his Rule 219 statement to show a charge for legal services in the amount of $1500, with $445 being paid prior to the statement, and showing an unpaid balance due of $1,055. The stipulation shows receipts by the debtors' attorney of $500 on February 16, 1984, $2,500 on June 13, 1984 and $1,000 on June 27, 1984. The debtors filed their petition in bankruptcy on August 15, 1984. The stipulation acknowledges that $1,980 of the $2,500 received by the attorney on June 13, 1984, was for work done for the debtors, by the defendant, prior to that payment. This work is no longer claimed to be part of the work performed for the debtors in the bankruptcy. The $500 received on February 16, 1984 was for work performed at that time. The $1,000 received on June 27, 1984 appears to be monies received for work performed within the 90 day period prior to bankruptcy, for both bankruptcy and non-bankruptcy work and was made more or less contemporaneous with the work performed.

Basically, the stipulation presents two problems. Does the new 219 Statement disclose any facts that would lead the Court to change its mind as to the value of the work performed and secondly, was there a preference?

Looking at the work the attorney performed for the debtor in the bankruptcy, the attorney appears to have spent a lot of time placating creditors of the debtor. He helped the debtors rob Peter to pay Paul. He greased the squeaky wheel. However, nothing was accomplished except the postponement of the inevitable. As a result of the efforts to avoid bankruptcy, a possibly viable business, owned by the debtors, became bankrupt, beyond any hope of rehabilitation. This Court has reviewed the Chapter 7 work performance and despite the time involved, the reasonable value of the work performed for the debtors in this bankruptcy was $750.

Going then to the question of a preference. It is stipulated that $1980 of the June 13, 1984 represented payment for non-bankruptcy work performed between February and May for which the attorney had received no compensation. This payment within the 90 day period prior to the filing of the bankruptcy is clearly a preference within the meaning of 11 U.S.C. § 547 because it is payment for an antecedent debt made while the debtors were insolvent. It enabled the attorney to receive more than other unsecured creditors in this case under Chapter 7.

Therefore, the trustee in this matter may recover the $1,980 from Frederick Garwood, the attorney for the debtors herein, as a preference. Frederick Garwood, attorney for the debtors herein, may not charge the debtors more than $750 for his services in this bankruptcy proceeding and may not collect any fee left unpaid from the estate.